IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TOUCHMARK NATIONAL BANK,

    Plaintiff,

v.                                                  No. 1:19-cv-02354-JDB-jay

ALVIN ESCUE, *et al.*,

    Defendants.

_____

ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL DEFENDANT MOORE TO
RESPOND TO NOTICE OF DEPOSITION AND DISCOVERY REQUESTS
_____

        Before the Court are the July 5, 2023, motions of the Plaintiff, Touchmark National Bank ("Touchmark"), for an order compelling Defendant Calvin Moore ("Moore" or "Defendant") to respond to a notice of deposition and certain discovery requests. (Docket Entry ("D.E.") 88-89.) Moore, who is proceeding pro se, has not responded to the motions and the time for such response has expired. *See* LR 7.2(a)(2). Therefore, the motions are ripe for disposition.

        In 2021, the Court entered judgment in favor of Plaintiff against Moore and granted its motion for attorneys' fees. (D.E. 80, 82.) In connection therewith, the Court issued a writ of execution on December 14, 2022, in the amount of $1,089,191.00. (D.E. 84.) According to its briefing herein, on March 10, 2023, Touchmark caused to be served upon Defendant a notice directing him to appear for oral deposition relating to his financial status scheduled for April 6, 2023. Moore did not appear and provided no reason for his failure to do so. On May 3, 2023, Plaintiff served interrogatories and requests for production upon Defendant, also concerning financial matters. Moore failed to timely respond or object to the written discovery. The movant

advises the Court that its efforts to contact Moore in an attempt to avoid judicial intervention have been unsuccessful.

Under Rule 69(a)(2) of the Federal Rules of Civil Procedure, "a party seeking to enforce a judgment has recourse to 'the full panoply of federal discovery measures to obtain information about assets on which execution can issue or about assets that have been fraudulently transferred.'" *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Trust v. Matheny & Sons Gen. Contracting LLC*, Case No. 3:21-cv-00081, 2023 WL 3570605, at *2 (S.D. Ohio May 19, 2023) (quoting *Searcy v. GUUAS, LLC*, No. 2:19-CV-03124, 2021 WL 2256220, at *1 (S.D. Ohio 2021)) (ellipses omitted). The scope of discovery under Rule 69 is very broad and encompasses any means of discovery permissible under the federal rules, including depositions, document requests, and interrogatories. *Id.*; *BMO Harris Bank, N.A. v. Zoccoli*, Case No. 18-11954, 2020 WL 1866094, at *1 (E.D. Mich. Apr. 14, 2020). A party may seek an order pursuant to Fed. R. Civ. P. 37(a) compelling discovery in the event a judgment debtor fails to comply. *Reed v. King*, Civil Action No. 3:18-cv-819, 2022 WL 3137893, at *1 (M.D. Tenn. June 3, 2022).

Upon the Court's review of Touchmark's notice of deposition, interrogatories, and requests for production, they appear to constitute the type of discovery allowed by Rule 69(a)(2). Accordingly, the motions are hereby GRANTED. Moore is DIRECTED to respond to the outstanding discovery requests and notice of deposition within fifteen days of the entry of this order.

IT IS SO ORDERED this 14th day of August 2023.

                                                            s/ J. DANIEL BREEN
                                                             UNITED STATES DISTRICT JUDGE